United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Wilmen Diaz, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-24719-Civ-Scola |
| | ) |
| Mark Inch, Defendant. | ) |

### Order

This matter is before the Court upon an independent review of the record and a screening of the complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. The Plaintiff Wilmen Diaz is a state inmate at Wakulla Correctional Institution ("Wakulla CI") who has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. §§ 2241 and 2243. Although this matter was automatically referred to United States Magistrate Judge Lisette M. Reid pursuant to Administrative Order 2019-2, the Court *sua sponte* withdrew the referral on September 22, 2020. (ECF No. 32.)

I. **Background**

Wilmen Diaz is a state inmate at Wakulla CI. Subsequent to a jury trial before the Eleventh Judicial Circuit in and for Miami-Dade County, the Plaintiff was found guilty of second-degree murder with a firearm that discharged and caused death and attempted voluntary manslaughter. (ECF No. 12, at 2.) On July 7, 2014, the Plaintiff was sentenced to thirty-five years of imprisonment with a twenty-five year mandatory minimum term for the second-degree murder charge and five years for the attempted voluntary manslaughter charge, with the time of imprisonment for each count to run consecutively. (ECF No. 13-2, at 78-81.)

Following his state court convictions, on July 11, 2014, the Plaintiff appealed to the Third District Court of Appeal, which affirmed the decisions of the trial court, per curiam, on June 1, 2016. (ECF No. 13-4, at 84.) The Plaintiff did not seek further review of his conviction with the Florida Supreme Court or United States Supreme Court and accordingly, his conviction become final on August 30, 2016, 90 days after entry of judgment. *See Chavers v. Sec'y Fla. Dep't of Corr.*, 468 F.3d 1273, 1274-75 (11th Cir. 2006) (per curiam) ("we measure[] the expiration of a 90-day period for filing a petition for writ of certiorari from the date of the entry of judgment.").

Thereafter, with the aid of counsel, on July 26, 2017, the Plaintiff filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure

3.850 with various arguments pertaining to the ineffective assistance of counsel. (ECF No. 13-5, at 1-17.) On May 4, 2018, the trial court denied the Plaintiff's motion. (ECF No. 13-5, at 26-41.) Following the trial court's decision, again with the aid of counsel, on July 24, 2018, the Plaintiff appealed the denial of his Rule 3.850 motion. (ECF No. 13-5, at 42-60.) On August 8, 2018, the Third District Court of Appeal affirmed the trial court's denial of the motion, per curiam. (ECF No. 13-5, at 61.) The mandate from the court of appeal was issued on September 4, 2018. (ECF No. 13-5, at 62.)

Counsel for the Plaintiff then filed a motion for rehearing on September 6, 2018. (ECF No. 13-5, at 63-67.) The motion for rehearing was struck by the Third District Court of Appeal as untimely on September 14, 2018. (ECF No. 13-5, at 68.) Subsequently, on September 25, 2018, the Plaintiff, now proceeding pro se, filed another Rule 3.850 motion for post-conviction relief but this time advanced arguments that his conviction should be set aside due to newly discovered evidence. (ECF No. 13-6, at 1-12.) Following additional proceedings, on June 14, 2019 the trial court entered a written order denying the motion. (ECF No. 13-6, at 40-51.) The Plaintiff did not appeal the trial court's order and accordingly, the order became final thirty days after judgment was entered, on July 14, 2019.

Finally, on November 6, 2019,[1] the Plaintiff filed the instant petition seeking a writ of habeas corpus, pursuant to 28 U.S.C. §§ 2241 and 2243. (ECF No. 1.) Plaintiff appears to concede that his petition is not timely filed, but nonetheless asserts his petition should be treated as timely as he "is entitled to equitable tolling." (ECF No. 1, at 22.)

## II.    Legal Standard

Pursuant to 28 U.S.C. § 2244(d), a one-year period of limitation "shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitations period is tolled, however, for the time during which a properly filed application for post-conviction or other collateral review is pending in the state court. *See* 28 U.S.C. § 2244(d)(2). Consequently, where a plaintiff sits on any claims or allows any time gaps to accrue post-conviction, § 2244's one-year clock continues to run. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013).

Where a plaintiff fails to timely file a petition for a writ of habeas corpus, the petition may nonetheless be considered timely when the late filing is justified by principles of equitable tolling. The Supreme Court has established a two-part

---

[1] In accordance with the prison mailbox rule, a *pro se* prisoner's filing is deemed filed on the date it is delivered to prison authorities for mailing. *See Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001); *see also* Fed. R. App. 4(c)(1).

test for equitable tolling, holding that a plaintiff "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' . . . prevent[ing] timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007). A plaintiff bears the burden of establishing the applicability of equitable tolling by making specific allegations. *See Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014). Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is . . . , but rather how severe an obstacle it is for the prisoner endeavoring to comply with [§ 2244's] limitations period.'" *Id.* (internal quotations omitted). A habeas petitioner "is not entitled to equitable tolling simply because he alleges constitutional violations at this trial or sentencing." *Id.*

Even if the Plaintiff's habeas petition is untimely and he is not entitled to equitable tolling, the Plaintiff's petition may nonetheless be subject to review on the merits if he is able to adequately assert actual innocence. To succeed on a claim of actual innocence, the Plaintiff "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006). Proof of actual innocence requires the Plaintiff to show "factual innocence, not mere legal insufficiency." *Bousely v. United States*, 523 U.S. 614, 623 (1998).

### III.   Analysis

#### 1. Statutory Tolling

As an initial matter, the Plaintiff does not contend that his petition was timely filed pursuant to § 2244 and the Defendant agrees. (ECF No. 1, at 22; ECF No. 12, at 17.) The Plaintiff's conviction became final on June 1, 2016, the date the appellate court entered judgment. *See Chavers*, 468 F.3d at 1274-75. Accounting for the 90-day period in which the Plaintiff could have filed a petition for writ of certiorari with the United States Supreme Court, the one-year period for the Plaintiff to file his habeas petition pursuant to § 2244 began to run on August 30, 2016.

The Plaintiff, through counsel, filed his first motion for post-conviction relief on July 26, 2017, allowing 329 days to pass between the triggering date of August 30, 2016, and the date of filing. The trial court denied the Plaintiff's motion on May 14, 2018 and the Third District Court of Appeals entered its judgment affirming that denial on August 8, 2018. The mandate from the court of appeal was issued on September 4, 2018.

While the Plaintiff, again through counsel, filed a motion for rehearing on September 6, 2018, that motion was stricken by the appellate court as untimely, and therefore, the motion failed to continue to toll any more time. See *Walton v. Sec'y, Fla. Dep't of Corr.*, 661 F.3d 1308, 1311 (11th Cir. 2011) ("An untimely state petition is not "properly filed" and cannot toll the federal limitation period."); *see also Sweet v. Sec'y, Dept. of Corr.*, 467 F.3d 1311, 1315 (11th Cir. 2006) (acknowledging that in Florida, a post-conviction motion is pending until the appellate court issues it mandate). Accordingly, the Plaintiff's § 2244 clock began running again on September 4, 2018 with 329 days already elapsed.

The Plaintiff next filed a subsequent Rule 3.850 motion pro se on September 25, 2018, after an additional 20 days had elapsed. The trial court denied the Plaintiff's motion on June 14, 2019 and the Plaintiff did not appeal the trial court's order. The order became final thirty days later on July 14, 2019. Up through July 14, 2019, 349 days elapsed on Plaintiff's § 2244 clock.

Finally, on November 6, 2019, after an additional 114 days had elapsed, the Plaintiff filed the instant petition seeking a writ of habeas corpus. In total, inclusive of all tolled time, 463 days had elapsed between August 30, 2016 and the filing of the Plaintiff's petition for writ of habeas corpus with this Court. As Plaintiff's petition is untimely, the Court may only consider the Plaintiff's petition if the Plaintiff is entitled to equitable tolling.

### 2. Equitable Tolling

The Plaintiff argues that he is entitled to equitable tolling (ECF No. 1, at 22), because of supposed "abandonment" by prior counsel. (ECF No. 27, at 5, 7-8.) Specifically, the Plaintiff asserts that "[i]n June of 2016, [his] family paid . . . $14,500.00 to hire and retain [a]ttorney(s) Rier/Jordan P.A.[,] . . . to prepare and file a timely [3.850] motion for post-conviction relief . . . and belated appeal [pursuant to] Fla. R. App. P. 9.141(d)[,] alleging claims of ineffective assistance of appellate counsel . . . ." (ECF No. 27 at 7.) The Plaintiff contends that the attorneys at Rier/Jordan P.A. agreed to do so, and that there was a written contractual agreement. (ECF No. 27 at 7.) The Plaintiff goes on to state that while "Attorney, Jonathan Jordan, did file a timely 3.850 motion for post-conviction relief" he failed to "file a timely belated appeal." (ECF No. 27, at 8.) Finally, the Plaintiff contends that "due to gross neglect and subsequent abandonment on the part of Rier/Jordan P.A.[,] . . . the two-year limitation period expired." (ECF No. 27, at 8.)

The record does not reflect that the Plaintiff's attorneys "abandoned" him. Rather, the record reflects that the Plaintiff's attorneys filed a motion for post-conviction relief based on ineffective assistance of counsel (ECF No. 13-5, at 1-

17), and appealed the denial to the Third District. (ECF No. 13-5, at 42-60). Thereafter, seemingly beyond the agreement between the Plaintiff's family and his attorneys, the Plaintiff's attorneys then attempted to file a motion for rehearing (ECF No. 13-5, at 63-67), but that motion was struck by the Third District Court of Appeal as untimely on September 14, 2018. (ECF No. 13-5, at 68.) To the extent the Plaintiff argues that this filing error constitutes abandonment, that argument is not supported by Eleventh Circuit precedent. *See Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1227, 1222 (11th Cir. 2017) (""[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). Far from abandonment, it appears the Plaintiff's attorneys undertook precisely the work that they agreed to undertake on behalf of the Plaintiff as alleged in the Plaintiff's briefing. (*See* ECF No. 27, at 4) ("Petitioner's family . . . retain[ed] Rier/Jordan P.A. . . . to prepare and file a timely motion for post-conviction relief rule 3.850 [sic], and a belated appeal Fla. R. App. P. 9.141(d) alleging claims of ineffective assistance of counsel.").

Assuming the Plaintiff could show that his attorneys' conduct justified equitable tolling, which he cannot, the Plaintiff must also show that he was reasonably diligent in pursuing his rights. *See Spears v. Warden,* 605 F. App'x 900, 904 (11th Cir. 2015). The record does not reflect that Plaintiff was diligent in doing so. Rather, the record reflects that the Plaintiff waited 114 days from July 14, 2019, the date the trial court's judgment denying his post-conviction motion became final and November 6, 2019, the date he filed his habeas petition with this Court. At the time the trial court's order became final, 349 days had elapsed under the Plaintiff's § 2244 clock and the Plaintiff had another 16 days to timely file his habeas petition. The Plaintiff has offered no explanation as to why he allowed this time to elapse or so much additional to time elapse thereafter. The Plaintiff, therefore, has failed to show that he was diligent in pursuing his rights. In light of the above, the Plaintiff is not able to show he is entitled to equitable tolling and accordingly his petition is untimely, pursuant to 28 U.S.C. § 2244.

### 3. Actual Innocence

As Plaintiff's petition is untimely, the Plaintiff's petition may only be reviewed on the merits if he proves actual innocence. Upon review, the Court finds that the Plaintiff has failed to provide new evidence sufficient to support a claim of actual innocence.

### 4. Evidentiary Hearing

It is the Plaintiff's burden to establish the need for an evidentiary hearing. *Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). As the pertinent facts of this case are fully developed in the record before the Court, further factual development is not required and therefore the Court declines to order an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

### 5. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal and instead must obtain a certificate of appealability to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). It is appropriate to issue a certificate of appealability where a plaintiff makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a plaintiff's claim on the merits, the plaintiff must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong in order to be issued a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Alternatively, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon review of the record and relevant authorities, the Court concludes that the Plaintiff is not entitled to a certificate of appealability.

## IV. Conclusion

For the reasons stated above, the Court therefore **dismisses** the Plaintiff's petition as untimely under 28 U.S.C. § 2244. (**ECF No. 1**.) The Clerk is directed to **close** this case and any pending motions, if any are **denied as moot.** The Clerk is further directed to **mail a copy of this order** to the Plaintiff at the below address.

**Done and ordered**, in chambers, in Miami, Florida, on September 23, 2020.

Robert N. Scola, Jr.
United States District Judge

*<u>Copies, via U.S. Mail, to</u>*:
Wilmen Diaz
M90290
Wakulla Correctional Institution
Inmate Mail/Parcels
110 Melaleuca Drive
Crawfordville, FL 32327
PRO SE